IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

$144,210.77 IN FUNDS SEIZED
FROM SUNTRUST BANK
ACCOUNT XXXXXX6875, et al.,

     Defendants.

CIVIL ACTION FILE

NUMBER 1:12-cv-3803-TCB

**O R D E R**

This case comes before the Court on Defendants' motion to dismiss or in the alternative to lift the stay of proceedings [51].[1] As discussed below, the motion will be denied.

---

[1] Though styled as a motion by "Defendants," the motion before the Court has been filed by a single claimant, Dr. Michael Assevero. Assevero claims ownership of only three bank accounts seized in this action. He has no standing to file a motion with regard to the other six Defendant properties and the Court therefore considers the motion as pertaining only to the funds in which Assevero claims an ownership interest, including those held by Orevessalm LP and ALM Associates, Inc.

## I.    Background

This is a civil forfeiture action arising out of both state and federal criminal investigations into an alleged "pill mill" being operated by Southern Health Management ("SHM"), a medical practice located in Tucker, Georgia. SHM operated as a pain clinic and is accused of illegally distributing controlled substances, including Oxycodone, through doctor-written prescriptions. As part of the criminal investigation into SHM's operations, seizure warrants were obtained for nine properties (eight bank accounts and one automobile) associated with SHM's alleged criminal operation.

On October 31, 2012, the Government filed this civil forfeiture action, pursuant to 18 U.S.C. §§ 981(a)(1)(A) & (C) and 21 U.S.C. §§ 881(a)(4) & (6). The Government's complaint for forfeiture contained detailed factual allegations regarding the operations of SHM, the involvement of Assevero, and specific information regarding the date, time, location and nature of the assets seized. In April 2013, the Government moved to stay the instant case, in light of ongoing criminal investigation. The Court granted the motion to stay, so as to avoid

compromising the criminal investigations, to relieve the burden on case agents, to avoid duplicitous litigation of the very issues involved in the criminal investigations, and to preserve the claimants' Fifth Amendment rights against self-incrimination. Both state and federal criminal investigations appear to have been ongoing since that time.

In September 2014, the District Attorney of DeKalb County chose not to present the criminal case against Assevero to the grand jury.[2] On October 17, Assevero filed the motion to dismiss the civil forfeiture action and a motion to set aside the stay.

## II.   Discussion

### A.   Motion to Dismiss

A claim will be dismissed under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012). A claim is plausible where the plaintiff

---

[2] Assevero states that "[o]n or about August 15, 2014 the DeKalb County District Attorney's Office elected to resolve the Criminal Case Action No. D0230553, against Defendant Dr. Michael Assevero, with a "Not Present to the Grand Jury" (NPGJ)." On September 24, 2014 an entry was made into the DeKalb OJS system noting the same.

alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

In the instant civil forfeiture action, however, traditional pleading rules are modified by the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), which, along with the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983, set out requirements specific to civil forfeiture actions. Pursuant to the Supplemental Rules the complaint must, among other things, "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." SUPP. R. G(2)(f). The forfeiture complaint must allege sufficient facts that create a reasonable belief that the property in question is in fact subject to forfeiture. *United States v. Two Parcels of Real Property Located in Russell County, Ala.*, 92 F.3d 1123, 1126 (11th Cir. 1996).

The Government is not required to prove its case at the pleading stage; it is merely required to establish the reasonable belief that the government can meet its burden at trial. *United States v. $90,000 in*

*U.S. Funds*, No. 5:12-CV-169 (CAR), 2012 WL 5287888, at *2 (M.D. Ga. Oct. 23, 2012) ("At the trial of a civil forfeiture case, the Government must prove by a preponderance of the evidence that the property is subject to forfeiture. Thus, 'the complaint must at bottom allege facts sufficient to support a reasonable belief that the property is subject to forfeiture.'") (internal citations omitted).

In considering Assevero's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir. 2011). The forfeiture complaint describes in detail Assevero's work and employment at SHM, the nature of his weekly practice at the pain clinic, despite the fact that he is a licensed OB-GYN, his distribution of opiate prescriptions to patients without medical reason and following little or no medical examination, and the unlawful filling of his prescriptions at pharmacies and by patients outside the state of Georgia.

The complaint in this action was filed pursuant to 18 U.S.C. §§ 981(a)(1)(A) & (C) (subjecting to seizure property involved in a

transaction in violation of certain statutes or derived from specified unlawful activity) and 21 U.S.C. §§ 881(a)(4) & (6) (subjecting to seizure property furnished in exchange for a controlled substance and proceeds traceable to such an exchange). The Government's complaint lays out sufficiently detailed and particular facts to support the reasonable belief that the money and assets at issue were furnished in exchange for controlled substances (or traceable to such an exchange) and are traceable to specified unlawful activity. The Court finds the complaint more than sufficient to withstand Assevero's motion to dismiss.

Assevero argues that because the DeKalb County District Attorney "has determined that no criminal activity has taken place on [his part]," the issue as to forfeiture of his assets is moot. Not so. As an initial matter, the Court notes that Assevero simply states, without any verified documentation in his motion, that the District Attorney chose not to present his case to the grand jury. This does not, by itself, indicate that "no criminal activity has taken place." A host of reasons may have informed the state's decision to proceed in the case against Assevero's two co-Defendants, despite declining to present charges

against him to the grand jury. Further, the District Attorney's decision in the state criminal case has no bearing on whether or not the United States' complaint is sufficient to survive a motion to dismiss. Assevero appears to imply, without stating, that he is in fact an innocent party to this action whose assets are not subject to forfeiture. But even this assertion is a question of fact for a jury, inappropriate on a motion to dismiss. *See $90,000 in U.S. Funds*, 2012 WL 5287888, at *4 ("[W]hether or not Claimant is an innocent owner must be addressed at trial and has no bearing on whether the complaint is sufficient to survive a motion to dismiss.").

The Government has stated a claim upon which relief may be granted. Assevero's motion to dismiss is denied.

## B.    Motion to Lift Stay of Proceedings

Assevero argues in the alternative that the stay of proceedings should be lifted and that this civil action should move forward immediately. He argues that because the state criminal case against him appears to have been dropped, federal seizure of his assets is no longer necessary. But Assevero has failed to respond to the

Government's statement that a *federal* investigation into his criminal activity remains ongoing. The District Attorney's decision to not bring criminal charges in state court is of little consequence to the continuing related case against his co-Defendants, to the ongoing federal investigation, and to a pending civil forfeiture action.

For the same reasons this Court originally granted the stay, it declines to lift that stay at this time.[3] The Court remains concerned about the detrimental effect civil discovery would have on the Government's ability to carry out its criminal investigation. These concerns are not eased by the apparent termination of state criminal charges against Assevero. As the Government has stated, a federal investigation is ongoing, and while Assevero might have argued that the original stay request appeared to be based principally on the state criminal investigation, contemporaneous or even later federal investigation may make continuation of a stay appropriate. 18 U.S.C.

---

[3] The Government sought a stay of proceedings against the Defendant properties under 18 U.S.C. § 981(g), which provides in pertinent part:

> (g)(1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

§ 981(g)(4) ("[T]he terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made.")

There is no doubt that the federal criminal investigation into Assevero and this civil forfeiture case arise out of the same facts and circumstances and are related. The parties, witnesses, facts and other evidence in the two proceedings are undoubtedly similar, if not the same. Allowing discovery to move forward will "subject the Government's criminal investigation to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding." *United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005); *see also United States v. $129,852 in U.S. Currency*, Civil Action No. 08-CV-1493, 2008 WL 5381863, at *2 (W.D. La. Dec. 17, 2008) ("[C]ivil discovery is broader than that generally allowed in criminal proceedings, and without a stay, the government's criminal case could be compromised.").

Not only has the Government stated that a federal investigation is ongoing against Assevero, but the state's case remains pending against co-Defendants Loree Nichols and Jeffrey Gonzalez. Moving forward with a civil forfeiture action against Assevero has the potential to allow those claimants to obtain discovery from the Government regarding an active state criminal matter, discovery that is unavailable to them in a criminal case. Even if the state's criminal inquiry into Assevero has ceased, the allegations against him are intimately related to the circumstances surrounding the criminal proceedings against Nichols and Gonzales, making a continued stay in this action appropriate. *$129,852 in U.S. Currency*, 2008 WL 5381863, at *2 (granting motion to stay where the claimants, mother and father of the accused, were not themselves defendants nor targets of a criminal investigation, but where there was a high degree of relatedness and similarity between the civil and criminal matters).

Finally, because Assevero remains the target of a federal criminal investigation, lifting the stay and moving forward with this civil forfeiture action runs the grave risk of burdening his Fifth Amendment

rights against self-incrimination. The scope of civil discovery is inherently broad and there are significant perils associated with allowing civil discovery in light of parallel criminal prosecution or investigation. If allowed, both the Government and the individual under investigation are subject to the unmistakable temptation to utilize civil discovery to their benefit in the related criminal proceeding. Indeed, as the Government notes, the initiation of broad civil discovery would more than likely require Assevero to file his own motion to stay, to avoid the potential for unconstitutional uses of discovery against him. Were Assevero subject to deposition inquiry or civil discovery requests to which responsive answers might be injurious, remaining silent as to only specific questions or narrow inquiries risks the unconstitutional self-incrimination that this Court seeks to avoid. *See Afro–Lecon, Inc. v. United* States, 820 F.2d 1198, 1203 (Fed. Cir. 1987) (quoting *Hoffman v. United States,* 341 U.S. 479, 486 (1951) (where a civil party asserts fifth amendment rights, he risks revealing weak points to criminal prosecutors, leading to a "link in the chain of evidence," allowing the

government to develop their criminal case and possibly

unconstitutionally contributing to his conviction)).

## III.  Conclusion

Assevero's motion to dismiss [51] is denied and the stay entered

on May 24, 2013 shall remain in place while criminal investigations

remain ongoing.

IT IS SO ORDERED this 1st day of December, 2014.

Timothy C. Batten, Sr.
United States District Judge